IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REDBOX AUTOMATED RETAIL, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 09-592-RBK ) ) |
| TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC, | ) ) ) ) |
| Defendant. | ) ) ) ) |

## TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO SEAL

OF COUNSEL:

Yosef Riemer
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York City, NY 10022
Tel: (212) 446-4802
Email: yosef.riemer@kirkland.com

Corey C. Watson
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
Tel: (213) 680-8482
Email: corey.watson@kirkland.com

Beth Moskow-Schnoll (No. 2900)
BALLARD SPAHR LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 252-4447
Fax: (302) 355-0221
Email: moskowb@ballardspahr.com

Neal Walters
BALLARD SPAHR LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043
Tel: (856) 761-3438
Email: waltersn@ballardspahr.com

*Attorneys for Twentieth Century Fox Home Entertainment LLC*

Dated: October 1, 2009

Dockets.Justia.com

## I. NATURE AND STAGE OF THE PROCEEDINGS

On August 11, 2009, Redbox Automated Retail, LLC ("Redbox") sued Twentieth Century Fox Home Entertainment LLC ("Fox") alleging antitrust violations, copyright misuse, and tortious interference with contractual relationships.

Fox is moving to transfer venue to the Central District of California under 28 U.S.C. § 1404(a). In support of that motion, Fox is filing an Opening Brief and the Declaration of Donald Jeffries ("Jeffries Venue Transfer Declaration") with attachments. Both the Opening Brief and the Jeffries Venue Transfer Declaration refer to sensitive business information that should not be disclosed publicly. Fox's counsel intends to discuss with Redbox's counsel stipulating to a protective order protecting the confidentiality of the information disclosed in the Opening Brief and the Jeffries Declaration. In the interim, however, Fox seeks permission to file the Opening Brief and the Jeffries Venue Transfer Declaration under seal. Fox will also file a redacted version of the Opening Brief, and a redacted version of the Jeffries Venue Transfer Declaration, for use in the public docket.

## II. SUMMARY OF ARGUMENT

The Court should grant this motion because: (1) the Opening Brief and Jeffries Venue Transfer Declaration contain sensitive business information, such as negotiation terms and strategy, the disclosure of which could significantly harm Fox; (2) this matter involves private litigants; and (3) the information Fox seeks to protect is not important to public health and safety.

## III. STATEMENT OF FACTS

As set forth in the accompanying Declaration of Donald Jeffries (the "Jeffries Decl."), the Opening Brief and the Jeffries Venue Transfer Declaration contain information that should be kept confidential. For instance, the Opening Brief contains sensitive business information

regarding the meetings and negotiations between Fox and Redbox, including information regarding Fox's sales strategy and pricing. (Jeffries Decl. ¶ 2.) The Jeffries Venue Transfer Declaration contains similar sensitive business information, including pricing proposals and sales strategy. (*Id.*) If this information were to be disclosed to the public, Fox could be harmed because competitors could utilize the information to gain an unfair competitive advantage. (*Id.* ¶ 3.) For example, Fox's competitors could use this information against Fox in future negotiations. (*Id.*)

## IV. ARGUMENT

Protective orders are designed to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Fed. R. Civ. P. 26(c)(1)(G) allows the Court to enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.* Courts have broadly interpreted this provision to cover a wide variety of business information. *See Zenith Radio Corp. v. Matsushita Elec. Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981) ("The subject matter of confidential business information is broad, including a wide variety of business information."). A party seeking a protective order must demonstrate that "good cause" exists for the protection of that material. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). In assessing whether good cause exists, the court must balance the interests of the public and the parties. *See Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005).

Here, good cause exists for allowing the Opening Brief and the Jeffries Venue Transfer Declaration to be filed under seal. Courts have not hesitated to enter confidentiality orders to protect private "financial information," and "sales and marketing information." *See, e.g., Metro Auto, Inc. v. American Honda Motor Co., Inc.*, No. CIV. A. 94-3431, 1995 WL 222050, at *1-2

(E.D. Pa. Apr. 13, 1995) (granting motion for protective/confidentiality order); *see also Joon Assocs., Inc. v. House of Blues Tours & Talent, Inc.*, Civil Action Nos. 05-CV-6621, 06-1632, 2006 WL 2726860, at *4 (E.D. Pa. Sept. 18, 2006) (granting motion for protective/confidentiality order where "disclosure [of the confidential business information] to a direct competitor could prove very damaging were that competitor to use the information in furtherance of its own business"). Moreover, this matter involves private litigants, not public entities or officials. And the information Fox seeks to protect is not important to public health and safety.

Accordingly, Fox's interest in keeping private its sales, distribution, and negotiation strategy (and other information related to the negotiations with Redbox from which competitors could derive a competitive advantage) outweighs any purported public interest in obtaining the information. *See, e.g., Province v. The Pep Boys*, No. Civ. A. 99-2162, 2000 WL 420626, at *2 (E.D. Pa. Apr. 12, 2000) (granting motion for protective/confidentiality order where "the party benefiting from the protective order, is not a public entity or official," "[t]he case does not involve issues important to the public," and involved "a contractual matter between plaintiff and defendant"); *Joon Assocs.*, 2006 WL 2726860, at *4 ("It is difficult to conceive how this information might be in the public interest or how any potential public interest could be outweighed by the defendants' private interest in maintaining its confidentiality.").

## V. CONCLUSION

For the reasons set forth above, Fox requests that this Court grant Fox's motion, and permit Fox to file under seal the unredacted Opening Brief and the Jeffries Venue Transfer Declaration (and accompanying exhibits).

Dated: October 1, 2009

Respectfully submitted,

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll (No. 2900)
BALLARD SPAHR LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel:   (302) 252-4447
Fax:  (302) 355-0221
Email: moskowb@ballardspahr.com

Neal Walters
BALLARD SPAHR LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043
Tel: (856) 761-3438
Email: waltersn@ballardspahr.com

*Attorneys for Twentieth Century Fox Home Entertainment LLC*

OF COUNSEL

Yosef Riemer
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York City, NY 10022
Tel: (212) 446-4802
Email: yosef.riemer@kirkland.com

Corey C. Watson
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
Tel: (213) 680-8482
Email: corey.watson@kirkland.com