# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

REDBOX AUTOMATED RETAIL, LLC )
)
          Plaintiff, )
)    Civil Action No. 09-592-RBK
      vs. )
)    **JURY TRIAL DEMANDED**
TWENTIETH CENTURY FOX HOME )
ENTERTAINMENT, LLC )
)
          Defendant. )

## REDBOX'S ANSWERING BRIEF IN OPPOSITION TO TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

Charles S. Bergen
George R. Dougherty
Michael S. Gulland
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 704-7700
Fax: (312) 558-1195

Frederick W. Stein
Redbox Automated Retail, LLC
One Tower Lane, Suite 1200
Oakbrook Terrace, IL 60181
Phone: (630) 756-8255
Fax: (630) 756-8885

Henry E. Gallagher, Jr. (No. 495)
Chad Stover (No. 4919)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141
hgallagher@cblh.com
cstover@cblh.com

Dated: October 28, 2009

*Attorneys for Plaintiff*
*Redbox Automated Retail, LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS .......................................................................................... i

TABLE OF AUTHORITIES ................................................................................. iii

NATURE AND STAGE OF PROCEEDINGS ........................................................1

SUMMARY OF THE ARGUMENT ......................................................................1

STATEMENT OF RELEVANT FACTS .................................................................5

A.     This Action Involves Sophisticated Entities That Operate On A National And, In The Case Of Fox, Worldwide Scale. .....................................................................5

B.     The Fox, Warner And Universal Actions. ..........................................................6

C.     Redbox's Claims Against Fox (And The Other Defendants) Are Not Based On Any Purported Failed Contractual Negotiations. ..............................................8

ARGUMENT ........................................................................................................8

A.     Fox's Demand That This Action Be Transferred Should Be Rejected. The Substantial Weight Afforded Redbox's Choice Of Forum And The Judicial Economy Of Having Each Action Resolved By This Court Strongly Outweigh The Issues Identified By Fox. ...............................................................................8

B.     Consideration Of The Relevant Private Factors Show That Transfer Is Not Appropriate. ........................................................................................................9

      1.     Redbox's Choice Of Forum Is Entitled To Great Weight. Fox's Arguments To The Contrary, Including Its Operative Facts And Home Turf Arguments, Should Be Rejected. ..................................................9

           a.     Redbox's claims are not based on the negotiations set forth in Fox's brief. ..............................................................................10

           b.     Fox's arguments ignore recent Delaware case law. ....................10

           c.     None of Fox's other cases hold that Redbox's choice of forum is entitled to "little, if any, weight" or that this matter must be transferred based on Fox's "operative facts" and "home turf" arguments. ..............................................................................12

      2.     Fox's Arguments About The "Location Of The "Vast Majority" Of Witnesses And Documents Ignore Controlling Third Circuit Authority..............13

C.   Consideration Of Public Factors Do Not Support Fox's Request For A Transfer. ...........16

    1.   That The Universal And Warner Actions Are Pending Before This Court Weigh Strongly Against Transfer Of The Pending Fox Action. ...........................16

    2.   Fox's Claim Of Court Congestion Is Entitled To Little Weight And A "Problem" That Fox Can Fix. .............................................................................18

CONCLUSION...........................................................................................................................19

# TABLE OF AUTHORITIES

## Cases

*Ace Capital v. Varadam Found.*,
  392 F. Supp. 2d 671 (D. Del. 2005)................................................................................ 14

*Adair v. Hunt Int'l Res. Corp.*,
  526 F. Supp. 736 (N.D. Ill. 1981) ............................................................................ 2, 17

*Affymetrix v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998).................................................................. 4, 10, 14, 15

*Alcoa Inc. v. Alcan Inc.*,
  No. 06-451-SLR, 2007 WL 1948821 (D. Del. July 2, 2007) .................................... passim

*Amgen, Inc. v. Ariad Pharms. Inc.*,
  513 F. Supp. 2d 34 (D. Del. 2007)........................................................................... 14, 16

*Argos v. Orthotec LLC*,
  304 F. Supp. 2d 591 (D. Del. 2004)............................................................................... 14

*Burroughs Wellcome Co. v. Giant Foods, Inc.*,
  392 F. Supp. 761 (D. Del. 1975)................................................................................... 10

*Burstein v. Applied Extrusion Techs., Inc.*,
  829 F. Supp. 106 (D. Del. 1992)............................................................................. 12, 13

*Chrysler Capital Corp. v. Woehling*,
  663 F. Supp. 478 (D. Del. 1987)................................................................................... 16

*Commodity Futures Trading Comm'n v. Perkins*,
  No. 06-4674, 2007 WL 2122029 (D.N.J. July 18, 2007) ............................................ 2, 17

*Cressman v. United Air Lines, Inc.*,
  158 F. Supp. 404 (S.D.N.Y. 1958) ............................................................................... 13

*Erbamont Inc. v. Cetus Corp.*,
  720 F. Supp. 387 (D. Del. 1989)................................................................................... 17

*Firmani v. Clarke*,
  325 F. Supp. 689 (D. Del. 1971)................................................................................... 17

*Fitzgerald v. Cent. Gulf S.S. Corp.*,
  292 F. Supp. 847 (E.D. Pa. 1968) ................................................................................... 3

*Foxworth v. United States,*
No. 05-1683, 2005 WL 1869460 (E.D. Pa. Aug. 4, 2005) ............................................. 13

*High River Ltd P'Ship v. Mylan Labs., Inc.,*
353 F. Supp. 2d 487 (M.D. Pa. 2005) .............................................................. 13

*In re M.L. Lee Acquisition Fund II, LP.,*
816 F. Supp. 973 (D. Del. 1993) ............................................................... 1, 10

*Jahncke Serv. Inc. v. OKC Corp.,*
301 F. Supp. 866 (D. Del. 1969) ................................................................... 18

*Jumara v. State Farm Ins. Co.,*
55 F.3d 873 (3d Cir. 1995) ................................................................... passim

*Kirschner Brothers Oil, Inc. v. Pannill,*
697 F. Supp. 804 (D. Del. 1988) ................................................................... 13

*Leonard v. Stemtech Health Scis., Inc.,*
No. 08-67-JJF, 2008 WL 5381359 (D. Del. Dec. 19, 2008) ...................................... passim

*Nat'l Mortgage Network, Inc. v. Home Equity Ctrs., Inc.,*
683 F. Supp. 116 (E.D. Pa. 1988) .................................................................... 3

*Pennwalt Corp. v. Purex Indus, Inc.,*
659 F. Supp. 287 (D. Del. 1986) ............................................................... passim

*Sadler v. Hallsmith SYSCO Food Servs.,*
No. 08-4423, 2009 WL 1096309 (D.N.J. Apr. 21, 2009) .......................................... 14, 18

*SAS of Puerto Rico, Inc. v. Puerto Rico Tel. Co.,*
833 F. Supp. 450 (D. Del. 1993) ............................................................... 12, 13

*Shutte v. Armco Steel Corp.,*
431 F.2d 22 (3d Cir. 1970) .......................................................................... 1

*SmithKline Corp. v. Sterling Drug Co., Inc.,*
406 F. Supp. 52 (D. Del. 1975) ..................................................................... 17

*Strategic Energy, L.L.C. v. Agrifos Fertilizer Inc.,*
No. 2:06-cv-1100, 2006 WL 3489967 (W.D. Pa. Dec. 4, 2006) ...................................... 13

*Totonelly v. Cardiology Assocs. Of Corpus Christi, Inc.,*
932 F. Supp. 621 (S.D.N.Y. 1996) ................................................................... 3

*Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.,*
No. 04-360, 2005 WL 441077 (D. Del. Feb. 15, 2005) ............................................... 4

*Tsoukanelis v. Country Pure Foods, Inc.*,
337 F. Supp. 2d 600 (D. Del. 2004).................................................................................. 16

*Versa Prods., Inc. v. Home Depot, USA, Inc.*,
No. 1:04-CV-1202, 2004 WL 5544746 (N.D. Ga. June 22, 2004).................................... 12

*Wagner v. N.Y. Marriott Marquis*,
502 F. Supp. 2d 312 (N.D.N.Y. 2007).............................................................................. 3

*Waste Distillation Tech, Inc. v. Pan Am. Res., Inc.*,
775 F. Supp. 759 (D. Del. 1991)...................................................................................... 11

**Statutes**

28 U.S.C. § 1404(a) (West 2009) ...................................................................................... 8

Federal Rule of Civil Procedure 32(a)(2) ......................................................................... 15

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Redbox Automated Retail, LLC ("Redbox") filed its Complaint ("Compl.") on August 11, 2009. Defendant Twentieth Century Fox, LLC ("Fox") moved to transfer Redbox's action to the Central District of California, seal its unredacted brief, declaration and exhibits in support of its motion to transfer, and dismiss Redbox's action in its entirety on October 1, 2009. This brief responds to and opposes Fox's transfer motion. Redbox's responses to Fox's motion to seal and motion to dismiss will be filed separately today, and on November 6, 2009, respectively.

## SUMMARY OF THE ARGUMENT

Fox's motion to transfer this action should be denied. In considering a Section 1404(a) motion, the plaintiff's choice of forum, here Delaware, is entitled to "'paramount consideration.'" *Leonard v. Stemtech Health Scis., Inc.*, No. 08-67-JJF, 2008 WL 5381359, at *2 (D. Del. Dec. 19, 2008) (*quoting Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (a plaintiff's "choice of venue should not be lightly disturbed"). So long as plaintiff has selected the forum for some legitimate reason, its choice of forum should be afforded substantial weight in deciding whether the action should be transferred. *Alcoa Inc. v. Alcan Inc.*, No. 06-451-SLR, 2007 WL 1948821, at *2 (D. Del. July 2, 2007) (*citing* numerous Delaware cases). A motion to transfer must be denied unless the defendant can show that the balance of convenience and the interests of justice weigh strongly in favor of transfer. *In re M.L. Lee Acquisition Fund II, LP.*, 816 F. Supp. 973, 975-76 (D. Del. 1993).

Redbox clearly had legitimate reasons to file in Delaware when it selected this forum as the venue in which to assert its claims. Both Fox and Redbox are incorporated in Delaware, which is a premier forum for business litigation. *Leonard*, No. 2008 WL 5381359, at *2 (finding

that the New York plaintiff's decision to litigate in Delaware, which also was the place of defendant's incorporation, was "highly reasonable"). When Redbox made the decision to file in Delaware, *Redbox Automated Retail, LLC v. Universal Studios Home Entertainment, LLC*, No. 08-766-RBK (the "Universal action") was already pending before this Court. One week later, Redbox filed *Redbox Automated Retail, LLC v. Warner Home Video, a division of Warner Bros. Home Entertainment*, No. 09-613-RBK ("Warner action"). In both of these actions, Redbox asserts causes of action similar to those in this case, based on similar facts and related legal theories. Given the factual and legal similarities that exist between this action and the Warner and Universal actions, it plainly makes sense for all three cases to be litigated before the same Court. *Adair v. Hunt Int'l Res. Corp.*, 526 F. Supp. 736, 742 (N.D. Ill. 1981) (the pendency of related litigation is given great weight in a transfer analysis; indeed, the general rule is that related cases should be litigated in the same district); *see also Commodity Futures Trading Comm'n v. Perkins*, No. 06-4674, 2007 WL 2122029, at *4 (D.N.J. July 18, 2007) (Kugler, J.) (denying transfer where related case pending in original district).

Faced with these fundamental factors favoring the denial of Fox's motion, Fox resorts to misdirection and obfuscation. Fox claims that three issues justify transfer: (1) the operative facts on which Redbox's action is purportedly based occurred outside of Delaware, (2) Fox's witnesses and documents are in California, and (3) on average, cases get to trial three months sooner in the Central District of California, the district to which Fox seeks a transfer, than in the District of Delaware. Fox's Opening Brief in Support of Its Motion to Transfer Venue to the Central District of California ("Fox Br."), filed October 1, 2009. These arguments are inaccurate, immaterial, and insufficient to support a change in venue.

2

First, Redbox's claims are based on Fox's concerted efforts to artificially restrict supply and increase the rental price of new-release DVDs by facially anticompetitive behavior (a boycott), one purpose of which is to eliminate independent kiosk operations. Redbox's claims are not based on the failed contractual negotiations that Fox identifies. Thus, Fox simply misstates the basis for Redbox's claims. Moreover, the cases Fox cites, *see* Fox Br. at 13 (*citing Wagner v. N.Y. Marriott Marquis*, 502 F. Supp. 2d 312, 317 (N.D.N.Y. 2007), *Totonelly v. Cardiology Assocs. Of Corpus Christi, Inc.*, 932 F. Supp. 621, 623 (S.D.N.Y. 1996), *Nat'l Mortgage Network, Inc. v. Home Equity Ctrs., Inc.*, 683 F. Supp. 116, 119 (E.D. Pa. 1988) and *Fitzgerald v. Cent. Gulf S.S. Corp.*, 292 F. Supp. 847, 849 (E.D. Pa. 1968)), do not support its assertion that Redbox's choice of forum is entitled to "little, if any" weight. Rather, all four cases hold only that "where none of the operative facts of action occur in the forum selected by the plaintiff, his choice of that forum is entitled to less weight than is ordinarily the case." Fox Br. at 13. But "less weight" does not mean "little, if any," weight. Fox overstates the effect of the cases it cites.

Fox engages in similar behavior in connection with the second issue it identifies – that its witnesses and documents are located in the Central District of California and therefore transfer is appropriate. In making this argument, Fox ignores clear and binding Third Circuit authority. *Jumara* plainly states that witness and document location only favor transfer to the extent that the witnesses are actually unavailable for trial in the original forum and the documents cannot be produced in that forum. 55 F.3d at 879. Fox makes no mention of *Jumara*'s material and binding limitation and correspondingly does not make the required showing of witnesses' unavailability and document unproducibility. Such a contention, if made, would strain credulity – Fox states that it spends "hundreds of millions of dollars each year" distributing

3

electronic media "world-wide." Declaration of Donald Jeffries In Support of Twentieth Century Fox Home Entertainment LLC's Motion To Transfer Venue ("Jeffries Decl.") at ¶ 2. As a multi-billion dollar corporation with interests spanning the globe, it can surely get its witnesses and documents to Delaware. *See Alcoa*, 2007 WL 1948821, at *4 (documents can be transmitted in electronic format); *Pennwalt Corp. v. Purex Indus, Inc.*, 659 F. Supp. 287, 290 (D. Del. 1986) cited at Fox Br. at 12 (noting that documents are not difficult to ship and therefore affording this factor little weight in the transfer analysis). Fox's executives might prefer to stay in their offices in Los Angeles, but the law does not allow this preference to override Redbox's choice of forum and the efficiency to be gained by having this Court supervise each of the Fox, Universal, and Warner actions. *Affymetrix v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998) ("Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial"); *Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*, No. 04-360, 2005 WL 441077, at *3 (D. Del. Feb. 15, 2005) (same).

That leaves only the last issue Fox identifies – that, on average, cases go to trial three months more quickly in the Central District of California than in the District of Delaware. This issue may slightly favor transfer but its importance is overwhelmed by the weight accorded by law to Redbox's choice of forum and the efficiency to be gained by having similar litigation resolved in one forum. No authority holds that such an immaterial factor should outweigh the "paramount consideration" due Redbox's choice of forum and the judicial economy of litigating similar cases before the same Court. *Alcoa*, 2007 WL 1948821, at *2 ("burden remains at all times on the defendants to show the balance of convenience and the interests of justice weight strongly in favor of transfer"). In sum, Fox has failed to meet its burden of demonstrating that

4

this action should be transferred to the Central District of California, and its motion should be denied.

## STATEMENT OF RELEVANT FACTS

**A.     This Action Involves Sophisticated Entities That Operate On A National And, In The Case Of Fox, Worldwide Scale.**

Redbox is the nation's leading, low-cost alternative for consumers to rent DVDs for home entertainment. Declaration of J Mitchell Lowe ("Lowe Decl.") at ¶ 2. Redbox rents and sells digital video disks ("DVDs") to consumers through innovative, consumer-friendly means: automated, self-service kiosks located at various retail outlets. *Id.*

Redbox is incorporated in Delaware. *Id.* at ¶ 1. Redbox's principal place of business is located in Oakbrook Terrace, Illinois. *Id.* Its executives maintain offices at that location, and its documents are maintained there. *Id.*

Redbox does business in each of the contiguous 48 states and the District of Columbia and Puerto Rico. *Id.* at ¶ 3. Approximately half of Redbox's kiosks are located east of the Mississippi, *id*, although Texas is the state having the most Redbox kiosks (approximately 2,700). *Id.*

Fox is incorporated in Delaware, with its principal place of business in Los Angeles, California, in the Central District of California. Fox is a multi-billion dollar business that operates "worldwide." Jeffries Decl. at ¶ 2. It spends "hundreds of millions of dollars" each year distributing entertainment to consumers. *Id.*

Non-parties Ingram Entertainment, Inc. ("Ingram") and Video Product Distributors ("VPD") are wholesalers of DVDs. Lowe Decl. at ¶ 4. Both are featured prominently in each of the Fox, Universal, and Warner actions. *See* Compl. at ¶¶ 29-36; Amended Complaint filed against Universal ("Un. Am. Compl."), January 22, 2009, at ¶¶ 33-37, 44-50; Complaint filed

against Warner ("War. Compl."), August 18, 2009, at ¶ 30-36. At defendants' urging, these entities have agreed to stop supplying new-release DVDs to Redbox, despite their longstanding and profitable relationships with Redbox. Compl. at ¶¶ 29-36; Un. Am. Compl. at ¶¶ 33-37, 44-50; War. Compl. at ¶¶ 30-36.

Ingram is a Tennessee corporation with its principal place of business in La Vergne, Tennessee. Compl. at ¶ 9. It has distribution centers in Maryland, Illinois, and Oregon. Lowe Decl. at ¶ 4. VPD is a California corporation with its principal place of business in Folsom, California, which is in the Eastern District of California, not in the Central District of California. Compl. at ¶ 10. It has distribution centers in Georgia, Oklahoma, Ohio, and Sacramento, California. Lowe Decl. at ¶ 4. Other non-parties involved in the issues raised by Redbox in the actions include Best Buy, a Minnesota corporation with its principal place of business in Richfield, Minnesota, and Wal-Mart, a Delaware corporation with its principal place of business in Bentonville, Arkansas. *Id.* Others will be identified during discovery.

**B.     The Fox, Warner And Universal Actions.**

Currently pending before this Court are the Fox, Warner and Universal actions. In each case, Redbox asserts similar causes of action involving copyright misuse, violations of Section I of the Sherman Act, and state law tortious interference claims.

Each case also raises similar factual issues. In each case, Redbox alleges a concerted effort by the defendant to artificially restrict supply and increase the rental price of new-release DVDs through facially anticompetitive behavior (a boycott), one purpose of which is to eliminate competition from independent kiosks. *See, e.g.*, Compl. at ¶ 51; Un. Am. Compl. at ¶ 56; War. Compl. at ¶ 39. As a result of these illegal actions, new-release DVDs that had been renting for a dollar will be unavailable for consumers to rent; or if available at all, only in smaller quantities or at higher prices. *See, e.g.*, Compl. at ¶ 22. Consumers are harmed by this unlawful

804695.11

activity. *Id.* In each case, the defendant has entered into agreements with VPD and Ingram requiring those entities to stop selling new-release DVDs to Redbox. Compl. at ¶¶ 64-68; Un. Am. Compl. at ¶¶ 80-84; War. Compl. at ¶¶ 62-66.

In addition to Redbox's allegations of direct anticompetitive effects (boycott, price increase and output reduction), Redbox has also pled, in the alternative in each case, the existence of a new-release DVD market and a copyrighted DVD market. For example, factual allegations in each case concerning the new-release DVD product market include: (1) new-release DVDs have a limited economic shelf life, Compl. at ¶ 23; Un. Am. Compl. at ¶ 38; War. Compl. at ¶ 22; (2) the cross-elasticity of demand for new-release DVDs between categories or genres is low, *i.e.*, a consumer looking for a new-release comedy DVD is unlikely to accept a back-catalog drama if that week's new-release comedy is unavailable, Compl. at ¶ 25; Un. Am. Compl. at ¶¶ 38-39; War. Compl. at ¶ 25; (3) defendants seek to avoid competition with other competitors in the weekly markets for new-release DVDs by timing their DVD release dates to avoid competing new-release DVDs, Compl. at ¶¶ 24-25; Un. Am. Compl. at ¶ 39; War. Compl. at ¶¶ 24-25; (4) the boycotts imposed by the studios, including their respective demand to distributors VPD and Ingram to no longer sell to Redbox, are designed to either eliminate distribution of new-release DVDs through independent kiosks, creating "an artificial shortage of product and a correspondingly high artificial price" for rental or re-sale on new-release DVDs, Compl. at ¶ 39; Un. Am. Compl. at ¶ 56, War. Compl. at ¶ 39; *see also* ¶ 83; and (5) defendants' unlawful acts harm consumers, Redbox and other independent kiosk operators, have no pro-competitive benefits and are designed to eliminate independent kiosk competitors to clear the way for the defendants' own higher-priced distribution schemes or eliminate competition from

the kiosk channel of distribution altogether, Compl. at ¶ 39; Un. Am. Compl. at ¶¶ 56, 77-79; War. Compl. at ¶ 39.

These examples show the significant factual and legal overlap among and between the actions. There is no valid reason to have two courts considering these issues in two different forums at essentially the same time given that all three actions are properly pending before this Court.

## C. Redbox's Claims Against Fox (And The Other Defendants) Are Not Based On Any Purported Failed Contractual Negotiations.

Redbox's claims against Fox are not based on contractual negotiations that purportedly took place between Redbox's and Fox's executives over the past two years. Redbox's antitrust claims are based on Fox's acts to boycott Redbox and join with others to restrict its access to new-release DVDs. These others include third parties located, for example, in Tennessee (Ingram), Sacramento, California (VPD), Bentonville, Arkansas (Wal-Mart), and Richfield, Minnesota (Best Buy), all of which are outside the Central District of California. The effects of Fox's unlawful acts will be felt by consumers across the country, as Redbox has kiosks located in all 48 contiguous states and the District of Columbia and Puerto Rico. Lowe Decl. at ¶ 3.

## ARGUMENT

## A. Fox's Demand That This Action Be Transferred Should Be Rejected. The Substantial Weight Afforded Redbox's Choice Of Forum And The Judicial Economy Of Having Each Action Resolved By This Court Strongly Outweigh The Issues Identified By Fox.

A district court has discretion to transfer a case to another federal district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a) (West 2009). In making this determination, a district court should consider certain "private" and "public" factors. *Jumara*, 55 F.3d at 879. With regard to the "private factors," a court is to consider:

[1] the plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses – **but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;** [6] and the location of books and records **(similarly limited to the extent that the files could not be produced in the alternative forum);**

*Jumara*, 55 F.3d at 879 (emphasis added to identify the restrictions not mentioned by Fox) (internal citations omitted).

With regard to the "public factors," a court is to consider:

[1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (internal citations omitted). The burden to establish a need for the transfer rests with the movant. *Id.* at 879. A defendant must show that the relevant private and public interests weigh *strongly* in favor of transfer. *Alcoa*, 2007 WL 1948821, at *2.

The issues identified by Fox are not sufficient to show that the matter should be transferred. In making its arguments in favor of transfer, Fox misstates both the facts and applicable law. The deference given to Redbox's choice of forum and the efficiencies to be gained in having the Fox, Warner, and Universal actions litigated before the same court establish convincingly that Fox's motion should be denied.

**B.     Consideration Of The Relevant Private Factors Show That Transfer Is Not Appropriate.**

**1.     Redbox's Choice Of Forum Is Entitled To Great Weight. Fox's Arguments To The Contrary, Including Its Operative Facts And Home Turf Arguments, Should Be Rejected.**

Redbox's choice of forum is entitled to great weight, provided that it had a legitimate reason for the forum it selected. *Leonard*, 2008 WL 5381359, at *2. That is clearly the case

9

here: (1) both Redbox and Fox chose to be incorporated in Delaware, (2) Delaware is a well-recognized and appropriate forum in which to resolve business-related disputes, and (3) the Universal action was already pending before this Court when Redbox filed suit against Fox.

To counter the great weight afforded Redbox's choice of forum, Fox states that Redbox's choice to file in Delaware should receive "little, if any, weight" because the operative facts upon which its claims are based occurred elsewhere and Redbox has not sued Fox on its "home turf." Fox Br. at 12-13. Both arguments should be rejected.

### a. Redbox's claims are not based on the negotiations set forth in Fox's brief.

Fox is wrong when it says that Redbox's claims are based on the discussions that Fox identifies, communications that occurred both inside (Los Angeles) and outside (Illinois, Sacramento and Las Vegas) the proposed transferee venue, the Central District of California. Redbox's claims are based on, in addition to other things, Fox's agreements with third parties, including VPD and Ingram, located in Sacramento, California and LaVergne, Tennessee, respectively, not to deal with Redbox. Relevant discussions would include Fox's directives to those entities that they not sell to Redbox, not the discussions that Fox presents. Fox's "operative facts" argument is based on an incorrect factual premise.

### b. Fox's arguments ignore recent Delaware case law.

Fox's "little, if any" weight and home turf arguments ignore recent Delaware cases that hold that a plaintiff's choice of forum is still paramount, even if it were true that the plaintiff's claims arose completely elsewhere. *See, e.g., Leonard*, 2008 WL 5381359, at *2; *Alcoa*, 2007 WL 1948821, at *2; *Affymetrix*, 28 F. Supp. 2d at 205; *In re M.L.-Lee Acquisition Fund II, L.P.*, 816 F. Supp. at 976; *Burroughs Wellcome Co. v. Giant Foods, Inc.*, 392 F. Supp. 761, 762-63 (D. Del. 1975). *Leonard*, decided in December 2008, is particularly instructive.

10

In *Leonard*, the plaintiff, a New York resident, decided to assert its copyright claims in Delaware against a Delaware corporation defendant, whose principal place of business was in California. *Id.* at 1. In seeking transfer under Section 1404(a), the defendant contended that the plaintiff's choice of forum was entitled to little deference because, even though the defendant was a Delaware corporation, (1) none of the agreements between the parties were consummated in Delaware, (2) all of the alleged copyright infringement took place in California, (3) all business conducted between the parties took place in California, (4) key witnesses were located in California, and (5) litigating in Delaware would result in unnecessary costs (for example, plane flights, hotel rooms, and other expenses.) *Id.* at 1-2. Since the plaintiff was a New York resident, it would have to travel to Delaware anyway and asking him to travel to California instead would only slightly increase his expenses. *Id.* at 3.

In denying the defendant's request for a transfer, the *Leonard* court found that the plaintiff's decision to sue in Delaware both "rational" and "highly reasonable." *Id.* at 2 (*citing Waste Distillation Tech, Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991) (plaintiff's choice of forum was "highly reasonable," because defendant was incorporated in Delaware and Delaware was near plaintiff's home state)). Thus, the court afforded great weight to the plaintiff's choice of forum in the transfer analysis. *Id.* at 2. Defendant's objection to litigating in the state in which it had decided to incorporate was given "little weight." *Id.* With respect to the defendant's contention that it preferred litigation in California for its convenience, and that most of the facts on which the litigation was based occurred in California, the court stated that Delaware had an interest in resolving disputes between parties incorporated in Delaware and having chosen that forum to incorporate, the defendant should not object to being sued there. *Id.* at 8 ("Stemtech is conducting business on a national scale it should not be

11

considered overly burdensome for it to litigation in Delaware, which also is its place of incorporation").

*Leonard* and the other recent Delaware cases cited above reject Fox's arguments regarding the weight Redbox's choice of forum is to be afforded and the importance of its operative facts and home turf arguments. Redbox's choice of forum should be afforded great weight in analyzing Fox's request for a transfer, and Fox's arguments to the contrary should be rejected.

> **c.     None of Fox's other cases hold that Redbox's choice of forum is entitled to "little, if any, weight" or that this matter must be transferred based on Fox's "operative facts" and "home turf" arguments.**

We have already discussed Fox's miscitation of *Wagner, Totonelly, National Mortgage* and *Fitzgerald*. *See supra* at 3. The other cases in Fox's opening brief (pp. 12-13) similarly offer no support of its assertion that Redbox's choice of forum is entitled to "little if any" deference. Indeed, one case does not discuss the plaintiff's choice of forum at all. *Versa Prods., Inc. v. Home Depot, USA, Inc.*, No. 1:04-CV-1202, 2004 WL 5544746, at \*1 (N.D. Ga. June 22, 2004). The remaining cases merely restate the common-sense principle that if a plaintiff has brought suit outside its "home-turf," the difference in convenience to plaintiff from transfer will generally not be as great as if the plaintiff had brought the suit on its "home-turf" and that this will play into the balance of convenience analysis. *SAS of Puerto Rico, Inc. v. Puerto Rico Tel. Co.*, 833 F. Supp. 450, 452 (D. Del. 1993); *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 109-110 (D. Del. 1992); *Pennwalt*, 659 F. Supp. at 289, all cited at Fox Br. at 12-13.

Perhaps more importantly, Fox's Delaware cases either reject Fox's "no deference" argument or expressly reaffirm that a plaintiff's choice of forum is entitled to paramount

12

deference. For example, *Burstein*, quoting the Third Circuit, states "it is black-letter law that a plaintiff's choice forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed," 829 F. Supp. at 109. *Pennwalt* rejects a defendant's request to give no deference to a plaintiff's choice of forum simply because the forum is not the plaintiff's home, 659 F. Supp. at 289. *SAS* states that ordinarily "a defendant who chooses Delaware as its legal home should not be heard to complain that another company has decided to sue it in Delaware." 833 F. Supp. at 453. In *SAS*, upon which Fox relies heavily, the court found transfer appropriate because, in addition to other things, the plaintiff and defendant were incorporated in the state to which the defendant sought transfer, both companies had their principal place of business in that forum, and the events upon which suit was based arose there. *Id.* at 452. That Fox cites such a case to *support* its arguments demonstrates their lack of merit. [1]

### 2. Fox's Arguments About The "Location Of The "Vast Majority" Of Witnesses And Documents Ignore Controlling Third Circuit Authority.

Fox claims that the purported location of its witnesses and documents favors transfer. In doing so, it ignores *Jumara*'s directives that the location of witnesses and documents is relevant in the transfer analysis only to the extent the witness cannot come to trial in the original forum and the documents cannot be produced there.

---

[1] A plaintiff's convenience is always a factor. In four of the remaining eight cases that Fox cites, the transfer was either to plaintiffs' home district, a district where the plaintiff maintained a legitimate business office, or a district significantly closer to plaintiff's home than the transferor court. (Fox Br. at 9-17 citing *Strategic Energy, L.L.C. v. Agrifos Fertilizer Inc.*, No. 2:06-cv-1100, 2006 WL 3489967, at *1 (W.D. Pa. Dec. 4, 2006); *High River Ltd P'Ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 490-91 (M.D. Pa. 2005); *Foxworth v. United States*, No. 05-1683, 2005 WL 1869460, at *1 (E.D. Pa. Aug. 4, 2005); *Cressman v. United Air Lines, Inc.*, 158 F. Supp. 404, 406 (S.D.N.Y. 1958)). In a fifth case, the plaintiff did not even argue that transfer would cause it any inconvenience. *Kirschner Brothers Oil, Inc. v. Pannill*, 697 F. Supp. 804, 807 (D. Del. 1988).

13

Here again, *Leonard* is instructive. It squarely rejected witness convenience and document production arguments – *Jumara* holds that the convenience of witnesses and the location of books and records are relevant respectively only to the extent that (1) the "witnesses may actually be unavailable for trial in one of the fora" and (2) the "files could not be provided in the alternative fora." *Leonard*, 2008 WL 5381359, at *3.[2] Fox makes no mention of these limitations, despite its citation to *Jumara*. Fox Br. at 9, 10, and 10-11 n.6.

Thus, the showing that Fox has made – that many of its executives and employees work at its principal place of the business in Los Angeles and wish to remain there and that Fox's documents are located at its principal place of business – is not sufficient to establish a right to transfer. *Jumara*, 55 F.3d at 879; *Sadler*, 2009 WL 1096309, at *4. Fox offers no evidentiary support that any witness will be actually unavailable for trial in Delaware or that any document cannot be produced either in Illinois or Delaware. *Ace Capital*, 392 F. Supp. 2d at 676 ("The court, however, has denied motions to transfer venue when the movants were unable to identify documents and witnesses that were unavailable for trial in Delaware."); *Pennwalt Corp.*, 659 F. Supp. at 291 n.5 ("In a motion to transfer, the defendant must file affidavits specifically identifying its witnesses and their residences, and outlining generally the content and relevance of their testimony"). Moreover, such a contention from a company that spends "hundreds of million of dollars" distributing electronic media to customers "worldwide" would lack candor and merit. Fox executives, no doubt, travel extensively in conducting business, and a company that provides electronic media worldwide can, no doubt, produce documents, including

---

2    *See also Sadler v. Hallsmith SYSCO Food Servs.*, No. 08-4423, 2009 WL 1096309, at *4 (D.N.J. Apr. 21, 2009) (Kugler, J.); *Amgen, Inc. v. Ariad Pharms. Inc.*, 513 F. Supp. 2d 34, 46 (D. Del. 2007); *Alcoa*, 2007 WL 1948821, at *2; *Ace Capital v. Varadam Found.*, 392 F. Supp. 2d 671, 676 (D. Del. 2005); *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 598 (D. Del. 2004); *Affymetrix, Inc.*, 28 F. Supp. 2d at 203.

14

electronically, where necessary. *Affymetrix*, 28 F. Supp. 2d at 205 ("The technological advances of recent years have significantly reduced the weight of this factor in the 'balance of convenience' analysis."); *see also Pennwalt*, 659 F. Supp. at 290 (the comparatively "low cost of transporting documents" makes their location a "less pressing consideration" in deciding a transfer motion).

With this underbrush cleared away, that leaves only Fox's claim that there are "many key third-party witnesses" outside this Court's subpoena power and within the Los Angeles court's subpoena power. Fox Br. at 14. But Fox identifies only two: Dick Sowa and Paul Brindze, *id.*, both of whom are Redbox consultants.[3] Sowa and Brindze purportedly met with Fox in May 2009 and presented a Redbox proposal to Fox for Redbox to buy Fox DVDs directly from Fox. Fox Br. at 14. No statement is made by Fox to explain why these discussions would be material to Redbox's claims. Both individuals will undoubtedly come to trial if Redbox so requests.[4]

\*     \*     \*

In sum, consideration of the private factors overwhelmingly favor maintaining this action here. That Delaware is Redbox's choice of forum and that the parties are incorporated here

---

[3] In his affidavit, Jeffries names other third party witnesses outside this Court's subpoena power: Tom Kielty and Bob Geistman. (Jeffries Decl. ¶ 6.) However, these witnesses are also not within the subpoena power of the Central District of California. Thus, the fact that they are also not in the subpoena power of this Court is irrelevant to Fox's motion to transfer to the Central District of California. *Jumara*, 55 F.3d at 879 (holding that the location of witnesses is only relevant "to the extent the witnesses might be unavailable for trial in *one* of the fora") (emphasis added).

[4] Deposition discovery, of course, will take place wherever the witnesses and parties are, regardless of where the trial court is located, and any third-party testimony could be presented at trial by video or other means. *Leonard*, 2008 WL 5381359, at *3 ("[R]egardless of where trial proceeds, discovery will be taken 'in the same fashion'") (quoting *Alcoa*, 2007 WL 1948821, at *4); *see also* Fed. R. Civ. P. 32(a)(2) (allowing a deposition to be used if the witness is more than 100 miles from the place of trial unless the witness' absence was procured by the party offering the deposition).

15

weigh strongly in favor of Delaware. *Alcoa*, 2007 WL 1948821, at *4 (defendants incorporated in Delaware and therefore cannot argue Delaware inconvenience); *Amgen, Inc.*, 513 F. Supp. at 46 (same); *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F. Supp. 2d 600, 604 (D. Del. 2004) (same). That this litigation could be easier and more convenient for Fox executives if it were pending in Los Angeles is not sufficient to override Redbox's choice of forum under *Jumara* and other Delaware decisions. *Leonard*, 2008 WL 5381359, at *3 (defendant is "conducting business on a national scale"; it should not be considered "overly burdensome for it to litigate in Delaware where action is its place of incorporation."); *Alcoa*, 2007 WL 1948821, at *4 ("travel expenses and inconvenience incurred for trial here, by Delaware defendants conducting world-wide business, is not overly burdensome"). Fox's unavailability argument with respect to witnesses and documents lacks merit and should be rejected.

## C.    **Consideration Of Public Factors Do Not Support Fox's Request For A Transfer.**

### 1.    **That The Universal And Warner Actions Are Pending Before This Court Weigh Strongly Against Transfer Of The Pending Fox Action.**

Generally, related cases should be litigated in the same district. This strong policy exists for obvious reasons: "(1) pretrial discovery may be conducted more efficiently; (2) the witnesses can save time and money; (3) duplicitous litigation can be avoided, thereby eliminating incurring expenses to the parties and the public and (4) inconsistent results can be avoided." *Jacobs v. Tenney*, 316 F. Supp. 151, 169 (D. Del. 1970) (granting transfer to district where related cases pending); *see also Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 483 (D. Del. 1987) (same); *SmithKline Corp. v. Sterling Drug Co., Inc.*, 406 F. Supp. 52, 55-56 (D. Del. 1975) (same); *Firmani v. Clarke*, 325 F. Supp. 689, 693 (D. Del. 1971) (same).

Although not strictly related,[5] based on their factual and legal overlap, it plainly makes sense for this action, and the Universal and Warner actions, to be before the same Court. Having each case before this Court should minimize inconvenience to third parties and avoid the risk of inconsistency without unduly prejudicing Redbox's right to a prompt resolution of its claims against each set of defendants. There are also economies for the judicial branch: why, for example, should another court duplicate the effort and time that this Court has already devoted to these proceedings?

Fox seeks to avoid these issues by claiming that this case involves "different witnesses, different documents, different representations and different factual allegations." Fox Br. at 17. If by "different," Fox means Redbox will seek to depose Fox witnesses in the Fox case and obtain Fox documents, we agree. But certainly similar issues will arise in each case for resolution by a Court and there is no reason to split off these matters for consideration elsewhere given all three cases are now pending before this Court. *Adair*, 526 F. Supp. at 742 (denying transfer where related cases pending in original district); *see also Commodity Futures Trading Comm'n*, 2007 WL 2122029, at \*4 (same); *Erbamont Inc. v. Cetus Corp.*, 720 F. Supp. 387, 396 (D. Del. 1989) (same).

Keeping all three cases before this Court should lessen court congestion, result in a quicker, more efficient resolution, preserve judicial resources, prevent duplicative litigation, and avoid inconsistent results. As stated above, Delaware clearly has a "local interest" in having

---

5    Although Fox will point out that many of the cases addressing the great weight afforded the pendency of related cases involve the same defendants, this is of little import. Like Redbox's cases against Universal, Fox and Warner, the cases in *Erbamont v. Cetus Corporation*, 720 F. Supp. 387, 396 (D. Del. 1989), for example, involved similar claims against *different* parties.

17

disputes among Delaware corporations resolved in Delaware. *Alcoa*, 2007 WL 1948821, at \*4. Consideration of these public factors clearly warrant against transfer.

## 2. Fox's Claim Of Court Congestion Is Entitled To Little Weight And A "Problem" That Fox Can Fix.

In fact, the only factor that Fox has both alleged, and offered evidence of – other than its own inconvenience – is court congestion. According to Fox, cases in Los Angeles go to trial three months more quickly than in Wilmington, and are otherwise disposed of six months earlier. Fox Br. at 16. However, "relative congestion is not a particularly persuasive factor." *Sadler*, 2009 WL 1096309, at \*4; *Jahncke Serv. Inc. v. OKC Corp.*, 301 F. Supp. 866, 869 (D. Del. 1969) (congestion outweighed by pendency of related case). This is especially true when the difference is only a matter of weeks and can most easily be minimized or avoided through cooperation in discovery and sincere efforts to work towards a quick resolution of this case. *Alcoa*, 2007 WL 1948821, at \*4 (affording "little weight" to difference in disposition time where the difference was only a few months and noting "the parties, through their conduct in discovery and commitment to streamlining the issues, may greatly influence the relative length and complexity of litigation"); *Leonard*, 2008 WL 5381359, at \*3 (same). Redbox certainly shares the goal of prompt resolution and will work with Fox to achieve it.

18

## **CONCLUSION**

Fox has failed to establish that the relevant factors weigh strongly in favor of transfer. That Delaware is Redbox's choice of forum and that the Warner and Universal actions are already pending here overwhelms Fox's convenience and court congestion concerns. Its remaining arguments lack merit. Fox's motion should be denied.


Charles S. Bergen
George R. Dougherty
Michael S. Gulland
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 704-7700
Fax: (312) 558-1195

Frederick W. Stein
Redbox Automated Retail, LLC
One Tower Lane, Suite 1200
Oakbrook Terrace, IL 60181
Phone: (630) 756-8255
Fax: (630) 756-8885

Dated: October 28, 2009

   /s/ Chad S.C. Stover
Henry E. Gallagher, Jr. (DE Bar ID #495)
Chad S.C. Stover (No. 4919)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
Wilmington, DE 19801
Phone: (302) 658-9141
Fax: (302) 658-5614
hgallagher@cblh.com
cstover@cblh.com


*Attorneys for Plaintiff*

804695.11