# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| REDBOX AUTOMATED RETAIL, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 09-592-RBK |
| vs. ) | |
| ) | |
| TWENTIETH CENTURY FOX HOME ) | |
| ENTERTAINMENT, LLC ) | |
| ) | |
| Defendant. ) | |

## TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC'S MOTION TO DISMISS REDBOX'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Twentieth Century Fox Entertainment LLC ("Fox") moves to dismiss with prejudice the Amended Complaint filed by Redbox Automated Retailed, LLC ("Redbox") on November 30, 2009.  (*See* D.I. 38.)  As more fully stated in Fox's Opening Brief, each cause of action Redbox alleges against Fox fails to state a claim for which relief may be granted.  As an initial matter, Redbox's antitrust claims under Section 1 of the Sherman Act should be dismissed because Redbox:  (a) does not identify any unlawful agreement between Fox and its distributors or between Fox and retailers; (b) does not allege harm to inter-brand competition; (c) does not allege market-wide injury to competition; and (d) does not allege a plausible antitrust market.

Moreover, Redbox's copyright misuse claim fails because copyright misuse is not a cause of action.  Redbox's tortious interference claim fails because Fox is not alleged to have interfered with any contract requiring unconditionally the distribution of Fox DVDs to Redbox.  Finally, Redbox's tortious interference with prospective business opportunity and unfair competition

claims fail because: (a) Redbox has no reasonable expectation that Wal-Mart, Best Buy or Target wish to transform themselves from national retailers into Redbox's DVD distributor; (b) Redbox does not plead any facts supporting an unlawful agreement between Fox and retailers, or any other allegation demonstrating intentional interference or unfair competition; and, (c) Fox's alleged conduct does not violate antitrust laws, and Redbox offers no independent reason as to why Fox's conduct is wrongful under tort or unfair competition law.

This Motion is supported by Fox's Opening Brief, the accompanying Declaration of David I. Horowitz and exhibits thereto, the record in this case, and any oral argument that the Court may hear on this Motion.

Dated: December 21, 2009

Respectfully submitted,

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll (No. 2900)
BALLARD SPAHR LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
Tel:   (302) 252-4447
Fax:   (302) 355-0221
Email: moskowb@ballardspahr.com

Neal Walters
BALLARD SPAHR LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ 08043
Tel: (856) 761-3438
Email: waltersn@ballardspahr.com

OF COUNSEL

Yosef Riemer (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York City, NY 10022
Tel: (212) 446-4802
Email: yosef.riemer@kirkland.com

Corey C. Watson (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Tel: (213) 680-8482
Email: corey.watson@kirkland.com

*Attorneys for Twentieth Century Fox Home Entertainment LLC*